IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHIRLEY INMAN                                                                                          PLAINTIFF

V.                              NO. 11-5260

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Shirley Inman, appealed the Commissioner's denial of benefits to this Court. On March 12, 2013, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). Plaintiff now moves for an award of $3,590.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 20.5 attorney hours of work performed before the Court in 2011, 2012, and 2013, at an hourly rate of $174.00. (Doc. 18-3).

Defendant has filed a response, stating that she "does not object to a reasonable amount of attorney fees." (Doc. 20).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. <u>Jackson v. Bowen</u>, 807 F.2d 127, 128 (8th Cir. 1986).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

AO72A
(Rev. 8/82)

the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $174.00 for 20.5 attorney hours spent in 2011, 2012, and 2013, which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). In this case, although Plaintiff's counsel failed to attach a copy of the CPI in support of her requested hourly rate, the Court notes that Amended General Order No. 39 provides that the CPI - South index for December of the preceding year shall constitute the maximum hourly rate of EAJA fees which may be awarded for the following year.[2] Thus, based upon the above factors, the Court finds that an appropriate hourly rate for the attorney work performed in the years 2011, 2012, and 2013 is $174.00.

The Court will next address the number of hours Plaintiff's counsel has listed in her fee

---

[2]Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South)= $174.28/hour - $174.00
2012 - 219.469  x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI-South) = 182.99/hour - $183.00.

request.

Plaintiff's counsel seeks reimbursement for the following activities:

| Date | Activity | Hours |
|---|---|---|
| 11/14/11 | Filed case in Fayetteville - #11-5260 | .4 |
| 11/22/11 | Call from client to reschedule appt to 11/29/11 | .1 |
| 12/2/11 | Print and review Magistrate's Order granting IFP | .1 |
| 2/10/12 | Prepare Summonses and get them issued | .2 |
| 2/21/12 | Mailed summons, complaint, and letter to accompany Same to Commissioner Astrue, Atty General Holder, & Ass't. U.S. Attorney | .4 |
| 3/1/12 | Received & review Return Receipts from Astrue And Claude Hawkins | .1 |
| 3/5/12 | Receive & review Return Receipt from Atty Gen Holder | .1 |
| 3/12/12 | Prepare & file Affidavit of Service with attached Proof of deliveries | .2 |
| 3/26/12 | Print and review Order of Magistrate granting substitution of counsel | .1 |
| 3/12/13 | Mailed client copy of Magistrate's Report and Copy of Judgment | .2 |

These tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The undersigned therefore recommends that 1.9 hours be deducted.

Plaintiff's counsel seeks .3 hours to "Re-read Defendant's Brief - No reply deemed necessary." The Court finds this to be duplicate of the activity performed on 6/28/12 - "Print and

-4-

review Defendant's Brief filed 6-27-12 & make notes." Accordingly, the undersigned recommends that .3 hours be deducted.

Plaintiff's counsel seeks 2.8 hours for preparing the itemized statement for EAJA motion, preparing the EAJA motion and brief, and reviewing and filing the EAA [sic] motion, brief, and itemized statement. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The undersigned recommends that 1.8 hours be deducted.

Plaintiff's counsel seeks $23.00 in postage. This amount shall be characterized as an expense per 28 U.S.C. § 2412(b),(d).

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the undersigned recommends that Plaintiff's counsel be awarded an attorney's fee under the EAJA for 16.5 attorney hours (20.5 less 4 hours) spent in 2011, 2012, and 2013 at an hourly rate of $174.000, for a total award of $2,871.00, plus expenses of $23.00. This amount should be pain in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of September, 2013.

　　　　　　　　　　　　　　　　　　　　　　/s/ *Erin L. Setser*
　　　　　　　　　　　　　　　　　　　　　HONORABLE ERIN L. SETSER
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE